Next case, Wilson v. United States. Good morning. We're ready when you are. May it please the Court, I'm Richard Suma. I represent the appellant Aldo Wilson. This case comes before the Court to resolve a question of the timeliness of a supplement to Mr. Wilson's first 2255 petition and his reliance on Supreme Court decisions in Descamps and the Johnson case from 2015. As to the Johnson claim, I think the answer is clear because the Supreme Court has held that Johnson states a new rule of constitutional law which applies retroactively on collateral review. That's the Welsh case. And Mr. Wilson cited Johnson only two weeks after it was issued. So, therefore, his Johnson claim is timely under 2255F3. And the Court's Beamon case recognizes that timeliness of that claim. So, this alone warrants a remand for reconsideration because an adjudication on the timeliness of that claim does not require the Court to determine whether Wilson proves that his ACCA sentence depended solely on the residual clause. I don't understand that sentence. Let's assume that we conclude that the Descamps claim was untimely, but the Johnson claim was timely. And that is exactly what the CIA asked us to do. We are remanding. I'm not clear what we're remanding. What is the purpose? Because you think you might be able to show it more likely than not that the district court relied on the residual clause to reach its decision. There were three crimes, predicate crimes. Yes, Judge Carnes, exactly. And here's my question, which is I think there's some cases where that might be an argument that might have some persuasion with me. But on the facts of this particular case, as I read it, you are conceding in your reply brief that the aggravated assault and the robbery would count. That means the government only needs one more. And the one more could be the drug conviction, because whether or not that violated Descamp, drug conviction has nothing to do with the residual clause of the Armed Career Criminal Act. And if all of that is true, and adding to that the fact that the same judge who decided this 2255, Judge Hinkle, was the sentencing judge, and he says even today they all count, suggesting he would have been of the same mind when there was less law back when he sentenced in 2010 or whenever it was, that the ACCA would count. My question is what's the purpose of remanding with all that? Well, let me be clear. I am asking the court to enforce the waiver of the statute of limitations. Leaving aside that one, let's assume that your waiver argument is not going to go anywhere. Let's clean up this point. If there's nothing to your waiver argument, do you agree with what I've said? There's just no point to remand because it's just crystal clear that the ACCA is going to be satisfied here. I disagree, respectfully. Okay, and if you could tell me why, that would be helpful. Because the government will not – we expect that the government will not rely on the sale of cocaine conviction number one. Well, it has no choice. It has no ability not to rely on it. Oh, it does have a choice. I mean that's within the government's discretion to waive the statute of limitations and take a different position on the remand than it had in the first instance. So if the court remands the case to – But I thought the government's been real clear that they are relying on the day camp timeliness issue. I thought that they have been pretty consistent about that. Not if the court holds them to the earlier statute of limitations. In that earlier motion, they – Your hope is that you've got a shot at this only if the government on remand says, hey, after all of this litigation, we've changed our mind. We're not going to rely on the timeliness argument for the drug. And then that's your hope. Well, that's my primary contention here. I mean I would remiss if I did not cite, as to the timeliness, that there is a split of circuit authority on that question. And I know the court is well aware of those cases, Giozos and Winston, from the Ninth Circuit. So in the event that I would have to file a cert petition, I want to preserve that. But I don't think I need to be that pessimistic because I expect on remand, if the court holds the government to its waiver of the statute of limitations, number one, the court will not – the government will not rely on the sale of cocaine. And then when it comes to considering the other offenses under the analysis that even the district court applied, when the district court assumed that the vehicular manslaughter and the robbery could qualify under the residual clause, the district court made a mistake there because the burglary also could have qualified under the residual clause. And if you actually have a Beeman-type hearing and the court on remand applies the historical fact test, when you consider the burglary offense, it will be apparent that, well, in 2007 the Supreme Court held that the Florida burglary statute is not a generic burglary and that increases the likelihood that the court at that time – I thought what Judge Hinkle was saying was in his order, none of this matters anyway because even without the residual clause, he wasn't saying, oh, I think some of these would count. Even without the residual clause, there would clearly be three convictions here that would count under the ACCA under the present law. I thought that was what he said in his order. Well, I think my interpretation of his order is he was adopting the alternative analysis that the magistrate put into his report and recommendation. But that analysis is a really hypothetical analysis which wouldn't even satisfy the standard of consideration that would apply in a Beeman hearing. In other words, the court – there's a question about – there still is a question about the vehicular manslaughter. At the time of his sentencing, the court – the rule of this court, based upon the Palomino-Garcia case, said that the element of reckless causation doesn't satisfy the elements clause. And the Palomino-Garcia case was based upon an earlier Leocal case from the Supreme Court. So those are all considerations which make it more likely that the conviction was based upon the residual clause. If it gets back to Remand, we would be arguing that the burglary case was likely based upon the residual clause. The vehicular manslaughter was likely based upon the manslaughter clause. In the sale of the cocaine, as the government conceded in its initial motion to vacate and remand the case, upon further consideration, looking at those documents, he wasn't actually convicted of sale of cocaine. He was convicted of the simple possession of cocaine, which is a third-degree felony under Florida law punishable by a maximum of five years in prison. So that wouldn't qualify as an ACCA offense either. So if we had actually – That is really a pure de camp argument. Forget it. There had never been a Johnson or a Mathis or anything like that a long, long time ago. Anybody could have looked at what he was convicted of in terms of the drugs and could have raised that argument on direct appeal, even. Not even. And so none of that ever happened. Well, none of that ever happened, but it could happen on remand, especially if the government says we're not going to rely on that sale of cocaine conviction. And so we do rely on that. The government waived the statute of limitations for equitable reasons. They said the burglary doesn't – this is in the earlier motion for vacate and remand. They said the burglary doesn't qualify. They said the sale of cocaine doesn't qualify. They said there's a genuine doubt as to whether the vehicular homicide case qualifies. Those are three of the five counts where they could all go Mr. Wilson's way, and I think the merits do favor Mr. Wilson on that. It's not a long shot by any means. Mr. Summa, I think about this issue a lot, and I think a lot of these things ought to be going back to district court, but don't get too excited because that seems to be a minority view on my court. Let's say you did go back to Judge Hinkle. Why aren't Mr. Wilson's two felony battery convictions from 2004 – I guess this is what you would be talking about there, and I just wonder what your answer would be to Judge Hinkle if he asked you that question. The two felony battery convictions from 2004, why are those not violent felonies? I don't know. Truthfully, I haven't considered those because the initial imposition was confined to these five prior convictions, so I don't know if there's some defect in those that may become pertinent, but because they were not part of the ACC sentence, I think, again, that would be appropriate matter for the government to raise upon the remand, but I just considered it outside the scope of this appeal. So I didn't – frankly, I wasn't even aware of it because I was focusing on the five that were cited. All right. Thank you. I'll save the rest of my time for rebuttal. Thank you. Thank you. Good morning. May it please the Court? This is Jordan Learn on behalf of the United States. Unless the Court has any questions it would like me to address on the front end, I think I'd like to begin by clarifying the government's position with regard to Mr. Wilson's sale of cocaine predicate. Mr. Wilson has never challenged the factual basis of a sale of cocaine predicate. When we were briefing this issue up on appeal, we discovered that it seems like it may have not factually qualified. So this could be an easy case for this Court to resolve. Under this Court's precedent in Fritz and Lockley, Mr. Wilson's robbery conviction undeniably qualifies as a violent felony under the Elements Clause. Mr. Wilson also has an aggravated battery conviction that he has not challenged, that undeniably under this Court's precedent in Turner would qualify under the Elements Clause. Now, this Court also has existing precedent that a sale of cocaine conviction under the Florida statute that the PSR indicates or suggests that Mr. Wilson was convicted under would also qualify as a serious drug offense. I assume it's unusual for you to change positions like that midstream in a case. I mean, you told us in a pleading earlier that you were not going to count those as mere possession. But now you've changed your position. We haven't changed our position. Our position before is we're not going to make the argument that this Court should affirm that Mr. Wilson remains an armed career criminal today based on the sale of cocaine predicate. And that's specifically what our motion said, that we will not rely on it to conclude that he remains an armed career criminal. Actually, the government said with regard to this conviction it, quote, should never have qualified as a serious drug offense for ACCA purposes. And that was said by you. Yeah, not you. No, it was. I believe it was, yes, Your Honor. I think it stated that it appears it should not have qualified. But the government has always intended to hold Mr. Wilson to the burden of the claims that he has brought before the court. So the district court concluded that Mr. Wilson still has three predicate convictions as the law exists today based in part on the sale of cocaine predicate. The government's not asking the court to affirm based on that argument. We're not asking the court to rely on the sale of cocaine predicate to hold that Mr. Wilson would still be an armed career criminal. And part of that is Mr. Wilson has never brought a factual challenge to a sale of cocaine predicate. If this case is remanded. Why at this point? I mean, again, ancient history a long time ago could have challenged that. Why are you now saying you're not are you saying you're not going to rely if it's remanded on the sale of cocaine conviction? That would be a matter that we would have to decide. We would consider that the claim would be untimely. And the government could not, in good faith, ask this court to affirm it. And the argument being that Mr. Wilson would still be an armed career criminal as he was sentenced today. If he were sentenced today. Although I walk out of both sides your mouth and I don't understand what you're saying. If it's untimely, then you would still rely on that conviction because a challenge to it would be untimely. But then you're saying, no, we would. What simple words. What is your position? I apologize if I'm being confused. You are. So we're not asking the court to affirm, to look at his predicates listed in the pre-sentence report, and conclude that he would still qualify if he were sentenced today. Based on crimes that you did not advocate for at his sentencing. Including based on the sale of cocaine predicate. But we're here before the court on a Descamps claim and a Johnson claim, which has a very specific burden of proof that Mr. Wilson has to satisfy. And the sale of cocaine, at least in regard specifically to the Johnson claim, that predicate did not qualify under the residual clause. So you're saying it could still be. You're saying if he were sentenced brand new today, then he might have a certain position about the drug. Right, but we're talking about. But your argument is that if he's looking back historically in a 2255, having the burden to prove certain things, that it's an untimely claim. Right, that's precisely it, Your Honor. And I will note, if this case were remanded, we do believe that Mr. Wilson could attempt to bring a claim, a claim challenging the sale of cocaine conviction on a factual basis. It was not brought before. Whether or not the government waives the statute of limitations to that claim and allows him to adjudicate it on the merits would have to be something that we would consider at the time it's presented to us. Well, you confused me again. Yay or nay, up or down? I mean, I understand presently if he's being sentenced for the drug thing, you may have a position. But is your position now, though, that on a 2255 finality of conviction, he has the burden that he's not met his timeliness argument? It'd have to be a decamp argument. Johnson has nothing to do with the drugs that he would be untimely. Is that your position? As we appear here today, yes, that is our position. All right. So if the court doesn't have any more questions. Well, what is your argument then? Is your argument then that we should, I gather your argument is his claim is untimely? Do you have an argument? I'm not understanding. Okay, so here is our argument. The issue in the certificate of appealability regards the timeliness of the decamp claim and the Johnson claim. The government's position is that the decamp claim is untimely. I understand that Mr. Wilson's position is that we have waived that by our motion for vacatur and remand. We will note that we asserted the timeliness defense in the petition in the district court, which was the ground that the district court ruled to deny that claim. Our motion for vacatur and remand did not contain an explicit withdrawal of that defense. I think our motion recognized that there was a timely Johnson claim here. It expressed some concern that the district court had not properly considered the merits of that claim. Because at that time in the circuit, how to deal with a Johnson claim that implicates decamp was still an open question. And so the understanding was that there was a possibility that the defendant could use decamp and other cases that this court has recognized to be retroactively applicable on collateral review to show that the residual clause was the source of his enhancement. Now, fast forward to Beeman, we know that's no longer the case. We know it's a question of historical fact. And so the government's position with regard to the Johnson issue is that yes, the Johnson claim is timely. But the defendant still, excuse me, Mr. Wilson still has to show that it was more likely than not that the residual clause triggered his armed career criminal sentence. And our position is that the record as it exists currently in viewing the law in existence at the time of Mr. Wilson's, the time the sentence was imposed, that Mr. Wilson cannot meet that burden. So let me just make sure I understand what you just said. So when you filed your motion to vacate remand in this court, there was a possibility that you had a valid statute of limitations defense to the decamp claim.  We did, yes, Your Honor. Is that why you didn't assert a statute of limitations? Well, we did know in the motion that to the extent the claim relied on, I believe this is on page, let me see, I wrote it down, eight of the motion that we did say that a discamps claim would be untimely under subsection F3. And then we moved on to say, but there is a timely Johnson claim here. And there was a possibility that the discamps, the retroactivity of decamp, excuse me, would have an impact on the adjudication of Mr. Wilson's timely Johnson claim. And because that issue had not been briefed before the district court, in fact, the government never filed a response to Mr. Wilson's Johnson claim in the district court that came in the reply to the government's response to his supplemental petition. And so the government never had the opportunity to respond and assert its position below. But our position is that we have not waived or expressly withdrawn the decamp claim by virtue of our motion for remand. And I think it's clear in the text of the motion we were talking about the timeliness of Johnson and the impact of the timely Johnson claim would have on the adjudication of the merits of Mr. Wilson's petition. And we agreed to some extent that the district court had erred in the way that it reviewed the merits. The district court relied on a burglary conviction, a Florida burglary. And at the time, I don't know if this is before the court, I don't believe it was before the court had held Florida burglaries don't qualify, but the government at the time was conceding, in light of Mathis, the Florida burglary wouldn't qualify. So there were certainly open questions about... Okay, and is that still your position today? That is still our position today. So that's one of the five, the pre-sentence report attributed to Mr. Wilson as a predicate for his Armed Career Criminal Act sentence. That's correct. And before we leave the burglary, Judge Martin may want to ask about the others, so I'm clear on that. That's what I'm going to do, yeah. Okay, but I just want to find out on the burglary, what's your position? Your position is, were he to be sentenced today, that wouldn't count. The burglary would not count. The Florida burglary would not. But your position, you cannot make a representation, though, as to whether or not the district court, when it sentenced him and perhaps considered the burglary, that the district court was necessarily relying on the residual clause. The district court may have been relying on the enumerated crimes clause. That's correct, Your Honor. And that's something you can't know. Right, right. And I will say the record is completely silent. The enhancement was not challenged at all during sentencing. And the law at the time that Mr. Wilson was sentenced in October of 2010, certainly Florida burglaries could have been residual clause predicates, but they also could have qualified as elements clause predicates under this court's precedent in Rainer based on the modified categorical approach. But you said it doesn't count now. If he were sentenced today, there's no dispute from the government that conviction would not qualify. So let's go. The second one was robbery. That still counts. That still counts. Okay. Third one, vehicular manslaughter. There's some question about that one, right? Right. The government's position, and this wasn't argued below, but the government's position would be that that does qualify under current elements clause jurisprudence because a mens rea of recklessness in the government's view is sufficient to qualify under the elements clause. Of course, Palomino-Garcia says otherwise. Right, and the government's response is that voice line has abrogated Palomino-Garcia. That's – reasonable people can debate that. Absolutely. Okay. And then the sale of cocaine was, I guess, the fourth one. There was also an aggravated battery. I know. I know. I'm getting to that. I know you want to talk about that one. So the sale of cocaine, the government has basically argued it doesn't count and it does count. Well, I want to be very clear. We've argued that if he were sentenced today, it would not count. But looking to what the district – Why wouldn't it count if he were sentenced today so that I understand your point? Because the Shepherd documents indicate that it was a possession of a cocaine offense, which would not be a qualifying serious drug offense. Okay. Possession because it didn't have the word possession with intent. It just had the word possession on it. It does, and in Florida law, possession with the intent to sell, if I'm recalling this correctly, is a second-degree felony, whereas a possession offense is a third-degree felony, so it wouldn't qualify. So there is some ambiguity in the Shepherd documents, but it does indicate that whatever Mr. Wilson was convicted of was a third-degree felony, and that will not satisfy the definition of serious drug offense. So if Mr. Wilson were sentenced – And then the aggravated battery, the one you did want to talk about, that does still count. That does. Of the five, you know you have two, but as for the burglar, you're not relying on it, as I understand it, and the sale, you wouldn't rely on it. And then you would have a debate about the vehicular manslaughter. That's correct, but that's our position if we were going into sentencing today. I understand. But stepping back again, we're talking about historically what happened in Mr. Wilson's original sentencing hearing. And based on the record as it exists and based on the law at the time when Mr. Wilson was sentenced, the government's position is he cannot show that it was more likely than not that the residual clause is what triggered his Armed Career Criminal Act sentence. And I also note, to the extent that de Camp is implicated in this, I frankly don't believe that Mr. Wilson has sufficiently shown that de Camp triggered his armed criminal sentence either. Under this court's precedent, Florida robbery categorically qualified. The sale of cocaine could have categorically qualified as a serious drug offense at the time that he was sentenced. It could have. You say it doesn't now, but it could have been. Why could it have been if you say it doesn't now? Well, historically, what the representation, the precedence report was stating of what that conviction constituted, that Florida statute, this court has held subsequent to Mr. Wilson. So after he was sentenced, but this court had held previously and at least in unpublished cases that convictions under that statute categorically qualify as a serious drug offense. Okay, and why do you say now it wouldn't categorically qualify? Well, because, in fact, if we were going into sentencing anew, right? Well, the conviction, if he were convicted of sale of cocaine, would still categorically qualify. The issue is that it's a factual issue, right? He wasn't factual. Well, if it categorically qualifies, we don't run around looking for Shepard documents. So I don't understand your argument. So that's the end of the game, isn't it? Well, the argument would be the government wouldn't go into sentencing knowing that the precedence report represented sale of cocaine and knowing that it was not a sale of cocaine predicate. You're saying that you would go back and the document, the judgment of conviction, would not show a sale of cocaine. That's correct, Your Honor. With regard to whether or not you waive the statute of limitations, would you agree with me that regardless of how we come out on that, the important time is at the time of the motion to remand or vacate, right? In other words, we looked at whether or not you waived it then, and what the government did subsequently has no bearing on whether or not it was waived. I see that my time has elapsed. May I answer? Yes. Absolutely. You're looking at the government's intent at the time the motion was filed. I do agree with that, but the government's response would be that the content of the motion shows that we were talking about his Johnson claim and the need based on Johnson to remand at the time. Of course, in light of Beeman, we don't think a remand is necessary in this case. With that, I will ask that you affirm the judgment of the district court. Thank you. Thank you. As the discussion has been unfolded, there's been a lot of talk about whether certain convictions would be found on remand to have been based upon the residual clause, and there's even discussion of other convictions that are not among the five that were presented here. And those determinations are determinations of fact, and it's basic that this court is not a fact-finding body, and that's why remand is necessary. The district court should determine all these things in the first instance. And I have cited a couple of cases by supplemental letter. One is Christopher Brooks and one is Gomez, and I've since discovered another one called Winfrey. And this court has already established a procedure. Although they're unpublished cases, I ask you to follow them. And the rule of this court, under those cases, states that if the appeal is pending or if the district court's ruling takes place before Beeman is decided and Beeman is decided while the appeal is pending, then the normal practice would be to remand because Mr. Wilson hasn't had the opportunity to go into that Beeman-required hearing. Beeman itself was an unusual case. It's a rare case where the government will rely on Beeman when a case is pending on appeal, and that would not result in a remand. The only reason Beeman resulted in affirmance was because Mr. Beeman, in that case, conceded that the record was complete. In fact, conceded that he could not prove that his offenses were based upon the residual clause. So this is a typical case where the appeal is pending. There was no Beeman hearing because he was sentenced before Beeman. Now, Beeman comes out on appeal while the appeal is pending. The only proper result is to remand for the Beeman hearing because it's an evidentiary hearing. It's a finding of fact on what the judge relied on in sentencing. So I'll conclude by saying I request that the court remand for further sentencing proceedings on the ground that the Johnson case was timely. In addition, I think the scope of remand should include both Johnson and discamps because the government waived the applicable statute of limitations or procedural default defenses. And specifically, remand is warranted because Beeman was issued long after the district court dismissed the 2255 petition. And Mr. Wilson has not yet had an opportunity to prove that his ACCA sentence was imposed solely on the basis of the residual clause. Thank you. Thank you. We appreciate the presentation. All right. Now I'll call the case of the